FILED

OCT 21 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FATIMA DEL CARMEN RIVAS MIER Y TERAN,<br><br>           Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>           Respondent. | No. 12-72594<br><br>Agency No. A087-183-891<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:      SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Fatima del Carmen Rivas Mier y Teran, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum, withholding of removal, and relief under the Convention

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Rivas Mier y Teran does not contend she suffered past persecution in Mexico, but fears harm based on the kidnapping of her uncle in 1990, and related threats to harm his family. Even if Rivas Mier y Teran's asylum application was timely, substantial evidence supports the agency's determination that she failed to establish an objectively reasonable fear of future persecution. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative to establish objectively reasonable fear). Thus, Rivas Mier y Teran's asylum claim fails.

Because Rivas Mier y Teran failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of Rivas Mier y Teran's CAT claim because she failed to demonstrate that it is more likely than not

she would be tortured by, or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). The record does not support Rivas Mier y Teran's contention that the BIA failed to consider the background evidence.

**PETITION FOR REVIEW DENIED.**